**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30086 |
| Plaintiff-Appellee, | D.C. No. 9:15-cr-00018-DLC-1 |
| v. | |
| SERGIO DIAZ-HINOJOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted March 7, 2017
Portland, Oregon

Before:  O'SCANNLAIN, FISHER and FRIEDLAND, Circuit Judges.

Sergio Diaz-Hinojos appeals his conviction for illegal reentry, contending the district court erred by denying his motion to dismiss the indictment as untimely.  We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *see United States v. Jenkins*, 633 F.3d 788, 797 (9th Cir. 2011), and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"Section 1326 sets forth three separate offenses for a deported alien: to 'enter,' to 'attempt to enter,' and to be 'found in' the United States without permission." *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001). Prosecutions under § 1326 are governed by a five-year statute of limitations. *See* 18 U.S.C. § 3282(a); *United States v. Reyes-Ceja*, 712 F.3d 1284, 1289 & n.30 (9th Cir. 2013). The statute of limitations begins to run when the offense is completed, and an offense under the "found in" prong is completed "when an alien is discovered and identified by the immigration authorities." *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999). We have not yet decided, however, "whether such discovery and identification must be based on the government's actual knowledge or can instead be proven under a constructive knowledge theory." *United States v. Zamudio*, 787 F.3d 961, 966 (9th Cir. 2015). We need not decide this question here.

Even assuming that a constructive knowledge standard governs and that it is knowledge by the immigration authorities that matters, Diaz cannot show such constructive knowledge here. There is no evidence that immigration authorities were willfully blind to information in their possession, or that they unreasonably refrained from taking their usual investigative steps. The fact that immigration

2

authorities could have implemented a hypothetical system for scouring the files of other agencies does not suffice.

In sum, the indictment was timely. The district court therefore properly denied Diaz's motion to dismiss. The judgment is affirmed.

**AFFIRMED.**